UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY ALAN POTTER,

    Plaintiff,

v.                                 CASE No. 8:12-CV-1031-T-17TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, I recommend that the decision be affirmed.

---

    [1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d)(1).

    [2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-four years old at the time of the administrative hearing and who has an associate's degree in computer technology, has been employed as a computer programmer (Tr. 18, 21-22, 39-40). He filed a claim for Social Security disability benefits, alleging that he became disabled due to "Grade 5 spondyloslisthesis of L5 vertebra, [and] osteoarthritis" (Tr. 164). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "spondyloslisthesis of the L5 vertebra, and bilateral hip osteoarthritis" (Tr. 56). He concluded that the plaintiff has the residual functional capacity to perform light work with the following restrictions (Tr. 59):

> [H]e ... needs a sit/stand option; can sit up to one hour at a time for a total of four hours in an eight-hour workday; can stand up to one-half hour at a time for a total of two hours in an eight-hour workday; can walk up to 20 minutes at a time for a total of two hours in an eight-hour workday; is limited to occasional crouching, stooping, kneeling

and balancing; can never climb ladders, ramps, stairs, ropes, or scaffolds; and can lift and carry twenty pounds occasionally and ten pounds frequently.

The law judge decided that these limitations prevented the plaintiff from returning to his past relevant work (Tr. 62). However, based upon the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as office helper, ticket seller, and gate attendant (Tr. 63). The law judge therefore ruled that the plaintiff was not disabled (Tr. 64). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results

-3-

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff attacks the law judge's decision on two grounds. The relevant evidence on those challenges is that which has a bearing on the plaintiff's condition between November 1, 2008, the alleged disability onset date, and the law judge's decision of September 1, 2010. That evidence does not sustain the plaintiff's challenges to the law judge's decision.

The plaintiff first asserts that the law judge failed to consider properly the opinions of a former treating physician, Dr. Paul A. Thomas, and

a consulting physician, Dr. Lance Walker (Doc. 12, pp. 9-14). This assertion is without merit.

Dr. Thomas treated the plaintiff between February 2, 1999, and November 22, 2005, for hip, back, and wrist problems (Tr. 260-65). In February 1999, Dr. Thomas diagnosed the plaintiff with left hip mild osteoarthritis, probable right wrist TFC tear, and left wrist cubital tunnel syndrome (Tr. 260).

In a follow-up visit on March 15, 1999, Dr. Thomas noted the plaintiff's complaint that "his pain is worse with activities and relieved somewhat with rest," and he recommended an MRI to rule out avascular necrosis (Tr. 261). The MRI revealed "mild osteoarthritis bilaterally but no evidence of any avascular necrosis" (id.). Dr. Thomas then opined that the plaintiff's pain was from left hip osteoarthritis (id.).

Subsequently, on November 14, 2000, Dr. Thomas reported that the plaintiff was in no acute distress and he had normal gait and station, but there was "diffuse tenderness in the lumbar paraspinal muscles" and "marked loss of motion including flexion and extension" (Tr. 262). Later that month,

he indicated that the plaintiff's pain "is probably secondary to the disc above the level of his fusion" (Tr. 263).

The next, and last, treatment note in the record from Dr. Thomas is dated November 22, 2005 (id.). At that time, Dr. Thomas diagnosed the plaintiff with left hip severe osteoarthritis with acute exacerbation (Tr. 264). He then stated, "I have placed [the plaintiff] in some physical therapy for strengthening exercises. Certainly, in the future, he will require a total hip arthroplasty. I have asked him to return as his symptoms warrant" (id.).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff argues that the law judge "never stated what weight he gave Dr. Thomas' opinions," and he failed to "give Dr. Thomas' opinions

-7-

significant weight or establish good cause for rejecting them" (Doc. 12, p. 10). This assertion is unavailing.

The law judge discussed Dr. Thomas's treatment notes of November 14, 2000, but not the other notes (Tr. 60). As the plaintiff points out, the law judge did not state the weight he gave to the notes. This is understandable, and reasonable, because they significantly predated the relevant period of the plaintiff's claim. As indicated, Dr. Thomas last examined the plaintiff on November 22, 2005, nearly three years prior to the plaintiff's alleged onset date. Thus, Dr. Thomas's treatment notes are too remote to be relevant to the issue of whether the plaintiff was disabled on, or after, November 1, 2008. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1165 (9th Cir. 2008) (stating that "[m]edical opinions that predate the alleged onset of disability are of limited relevance"). Significantly, the plaintiff had a successful left hip procedure in April 2008 that ameliorated the left hip problem that Dr. Thomas had noted. Under the circumstances, the handling of Dr. Thomas's notes falls under the principle that the law judge is not required to refer to every piece of evidence in his decision. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). In his

argument, the plaintiff does not acknowledge the staleness of Dr. Thomas's notes (see Doc. 12, pp. 10-12). Accordingly, he does not provide any authority indicating that the law judge was required to evaluate remote treatment notes.

Moreover, not only are the notes remote, but they do not contain any medical opinion. In order to prevail, the plaintiff must show that he had functional limitations from his impairments that were not included in the law judge's determination of the plaintiff's residual functional capacity. In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on h[is] ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, supra. Significantly, Dr. Thomas provided no opinion setting forth functional limitations from any of the plaintiff's impairments. Thus, there was no

medical opinion from Dr. Thomas that the law judge needed to assess or, as to which, he needed to state any weight that was ascribed.

The plaintiff argues that "Dr. Thomas' records ... support [the plaintiff's] testimony that he must lie down to relieve his pain" (Doc. 12, p. 11). In the first place, it is not enough to show that some evidence supports such testimony; the evidence must compel that conclusion. Adefemi v. Ashcroft, supra. Moreover, as the Commissioner points out, Dr. Thomas "never stated that Plaintiff needed to lie down twice a day" (Doc. 13, p. 11). Further, Dr. Thomas's comment that the plaintiff's pain "is worse with activities and relieved somewhat with rest" is merely a recitation of the plaintiff's subjective complaints (see, e.g., Tr. 261, 262).

In a related contention, the plaintiff suggests that the law judge disregarded the vocational expert's testimony about the plaintiff's need to lie down during the day (Doc. 12, p. 11). In response to a hypothetical posed by the plaintiff's attorney, the vocational expert testified that the plaintiff would be unemployable if he required a limitation of lying down for one to two hours twice a day (Tr. 45). The law judge gave no weight to this testimony because its underlying premise–that the plaintiff would have to lie down for

a few hours each day–was implicitly rejected by the law judge, as the residual functional capacity contains no such limitation (Tr. 59).

The plaintiff also contends that the law judge erred by failing to consider whether the plaintiff has a severe wrist impairment (Doc. 12, pp. 11-12). On February 2, 1999, Dr. Thomas's impression included probable right wrist TFC tear and left wrist cubital tunnel syndrome (Tr. 260). However, Dr. Thomas's subsequent treatment notes fail to mention any wrist impairments (see Tr. 261-64). Furthermore, the plaintiff did not include wrist problems among his impairments listed in the Disability Report that supports his application (Tr. 164), and he did not testify about such problems either. In addition, during an examination on March 21, 2009, Dr. Walker found "[f]ine and gross manipulations are normal" and that the plaintiff "[i]s able to pick up small objects and manipulate objects without difficulty" (Tr. 310). The law judge could therefore reasonably conclude that the plaintiff's wrist conditions were nonsevere impairments, if they were impairments at all. See 20 C.F.R. 404.1521(a).

As indicated, the plaintiff also challenges the law judge's assessment of the opinion of Dr. Walker, a consultative examiner (Doc. 12,

pp. 12-13). Such a challenge, which is part of the plaintiff's first issue, underscores the weakness of the plaintiff's contentions. The law judge gave "the greatest weight" to Dr. Walker's opinions (Tr. 61). Accordingly, he adopted in his residual functional capacity determination most of the functional limitations opined by Dr. Walker (compare Tr. 59, 312). Notably, with respect to climbing stairs and ramps, the law judge's limitation ("never") was greater than Dr. Walker's ("occasionally") (id.). Importantly, Dr. Walker did not opine that the plaintiff was disabled.

The plaintiff takes issue with the law judge's determination that the plaintiff can occasionally balance, crouch, stoop, and kneel (Doc. 12, p. 13). In this regard, he points out that Dr. Walker stated, "I would not expect him to be able to balance. He is going to have pain with stooping, kneeling, crouching, or crawling" (id.; Tr. 312).

The plaintiff complains that the law judge did not accept Dr. Walker's statement that he would not expect the plaintiff to be able to balance, but instead found that the plaintiff could balance occasionally. However, in light of the law judge's determination that the plaintiff could

never climb ramps or stairs, as well as ladders, ropes, and scaffolds, it is hard to conceive of any balancing the plaintiff would be required to perform.

With respect to the other postural activities raised by the plaintiff, the law judge stated that "[w]hile the claimant ... likely would have pain with stooping, kneeling, crouching, or crawling, Dr. Walker stopped far short of rendering an opinion as to whether this type of pain would preclude the claimant from stooping, kneeling, crouching, or crawling. Rather, he noted that the claimant was able to walk on heels and toes, able to squat, rise, and stoop" (Tr. 60-61). In addition, both nonexamining reviewing physicians opined that the plaintiff could perform occasional balancing, stooping, kneeling, and crouching (Tr. 317, 361).

In all events, any possible error with regard to the law judge's determination that the plaintiff could occasionally balance, stoop, kneel, and crouch would not warrant remand. Thus, based on the testimony of the vocational expert, the law judge found that the plaintiff could perform jobs in the national economy of ticket seller, gate attendant, and office helper. The jobs of ticket seller and gate attendant would not require the plaintiff to perform any of these postural activities. See DICOT 211.467-030, 1991 WL

671853; DICOT 344.667-010, 1991 WL 672863. The job of office helper would require none of these activities, except occasional stooping, which Dr. Walker said the plaintiff is able to do (Tr. 311). See DICOT 239.567-010, 1991 WL 672232.

For his second issue, the plaintiff argues that the law judge erroneously discounted his credibility (Doc. 12, pp. 14-19). This contention also lacks merit, as the law judge gave a reasonable explanation, supported by substantial evidence, for finding the plaintiff only partially credible.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, supra, 395 F.3d at 1210. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge finds that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling

-14-

pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility determination, and he referred to the pertinent regulations and Social Security rulings (Tr. 59). He also set forth the controlling principles (id.). This demonstrates that the law judge employed the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Significantly, the law judge did not wholly discount the plaintiff's complaints of pain, but rather found that the plaintiff's pain restricted him to a limited range of light work. The law judge discussed in detail the plaintiff's testimony in his decision, noting, among other things, that the plaintiff's "pain occurs in his lower back and lower hip, which he described as 'almost spasms or cramping' when standing up" (Tr. 59). The law judge also mentioned the plaintiff's allegations of having difficulty standing and bending (id.). After considering the plaintiff's testimony, along

with the objective medical evidence, the law judge restricted the plaintiff to a narrow range of light work with postural limitations (id.).

In his credibility determination, the law judge, in accordance with the pain standard, expressly declined to credit fully the plaintiff's subjective complaints of pain. Specifically, the law judge stated (Tr. 60):

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

After discussing the medical evidence of record, the law judge explained (Tr. 62):

> In sum, the above residual functional capacity assessment is supported by the objective evidence and medical findings established in this record. The record reveals that the claimant worked with his impairments. Finally, there was no disabling change in the claimant's medical condition, as supported by the longitudinal evidence. To the extent that the claimant alleges he cannot work within the residual functional capacity, I find the allegations not fully credible.

The law judge, in addition, noted an inconsistent statement regarding the plaintiff's ability to work which further undermined the plaintiff's credibility. In this regard, the law judge stated (Tr. 60):

> According to [the plaintiff's] testimony, subsequent left hip resurfacing did not allow him to return to his previous employment. In his application for social security benefits, however, the claimant noted that he stopped working due to a business-related layoff.

The plaintiff asserts that the law judge's "summary" of the medical evidence does not constitute a proper credibility determination (Doc. 12, p. 18). This argument is meritless. As indicated, the law judge discounted the plaintiff's subjective complaints, in part, on the basis of the medical evidence. Thus, the law judge not only summarized the medical evidence, but he evaluated it in detail as well (Tr. 59-62). For example, the law judge noted that the plaintiff was "extremely pleased with the results" of his hip resurfacing procedure (Tr. 60). In addition, the law judge explained that "[t]he claimant rated his pain as a zero out of ten, and the evidence fails to show that he required the use of an assistive device at that time. Rather,

-17-

the claimant informed Dr. [Greg A.] Erens that he only occasionally used Tylenol Arthritis for his hip pain" (id.).

In addition, in his decision the law judge described the plaintiff's ability to carry out activities of daily living (Tr. 57, 58). In particular, the law judge noted that the plaintiff flew to Indiana to participate in a Renaissance festival (Tr. 325), which suggested to the law judge "that the alleged symptoms and limitations may have been overstated" (Tr. 57).

Attempting to find support for his subjective complaints, the plaintiff again points to the treatment notes of Dr. Thomas, selected portions of Dr. Walker's report, and the vocational expert's testimony regarding a functional limitation for lying down (Doc. 12, pp. 15-16, 18-19). The plaintiff's reliance on this evidence is unavailing. As previously explained, the law judge could properly discount that evidence.

In sum, the law judge's obligation was to make an explicit and adequate credibility finding. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). The law judge's credibility determination was certainly explicit, and it was adequate. Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006). In Heppell-Libsansky, the Eleventh

Circuit considered a credibility finding that the plaintiff's "description of her symptoms was 'considerably more limited and restricted than [was] established by the medical evidence, her own contemporaneous statements to treating sources, and medical source opinions.'" Id. The Court ruled that finding adequate to discredit the plaintiff's testimony. The law judge's credibility determination in this case was articulated to a greater extent than the one in Heppell-Libsansky. Therefore, it also is adequate.

## IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE
DATED: FEBRUARY 27, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

-19-

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).